UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ANGELO FINLEY,

    Petitioner,

v.

THOMAS ROY,
Commissioner of Corrections,

    Respondent.

Civil No. 11-1102 (RHK/JSM)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I.   BACKGROUND**

Petitioner is an inmate at the Minnesota Correctional Facility in Lino Lakes, Minnesota, ("MCF-LL"). According to a website maintained by the Minnesota Department of Corrections, (www.corr.state.mn.us), petitioner is serving a sentence that was imposed by the state district court for Hennepin County, Minnesota, following his conviction for disturbing the peace and violating the terms of a protective order.

Petitioner is not presently challenging his state criminal conviction or sentence. Instead, he is challenging a warrant that has been issued by the State of Massachusetts,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

which allegedly is affecting the conditions of his current confinement at MCF-LL. Petitioner's submissions indicate that in 1985 sexual assault charges were filed against him in Massachusetts. Evidently, those charges were never resolved, and Massachusetts still has an outstanding warrant for petitioner's arrest in connection with those charges.

In petitioner's present habeas corpus petition, he claims that the Massachusetts warrant is affecting the conditions of his confinement at MCF-LL. He contends that the warrant is adversely affecting his custody status and his work opportunities. In addition, petitioner alleges that the prison staff at MCF-LL has refused to help him resolve the outstanding Massachusetts warrant, and they are thereby depriving him of his constitutional right of "access to the courts."

Petitioner is seeking two separate remedies in this case. First, he is seeking an order, (presumably an injunction), that would compel the prison staff at MCF-LL to offer legal assistance to state prison inmates who are attempting to assert their legal rights and interests. Second, he is seeking an order that would dismiss the pending Massachusetts criminal charges that precipitated the warrant described in the petition. However, neither of those remedies is available in the present § 2254 habeas corpus proceeding.

## II. DISCUSSION

### A. Conditions of Confinement

Habeas corpus relief is available only for claims that directly challenge <u>the fact or duration</u> of a prisoner's confinement – not <u>the conditions</u> of his confinement. <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-90 (1973); <u>Otey v. Hopkins</u>, 5 F.3d 1125, 1130-31 (8th Cir. 1993), <u>cert</u>. <u>denied</u>, 512 U.S. 1246 (1994). As explained by our Court of Appeals –

> "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. [Citation omitted.]... Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

Thus, petitioner cannot use a habeas corpus petition to obtain an order that would compel the prison staff at MCF-LL to provide him legal assistance, or otherwise implement his "right of access to the courts." Nor can petitioner otherwise seek to improve the conditions of his confinement, (e.g., a better custody classification, or better work opportunities), by means of a habeas corpus petition. If petitioner believes that the conditions of his confinement are unconstitutional, he may be able to seek relief by bringing a traditional (non-habeas) civil action under 42 U.S.C. § 1983. But again, he cannot challenge the conditions of his confinement in a habeas corpus proceeding.

Thus, to the extent that petitioner is seeking a writ of habeas corpus that would compel the staff at MCF-LL to provide him legal aid, "access to the courts," a better custody classification, or better work opportunities, his petition must be denied. However, the Court will recommend that the petition be denied without prejudice, so that petitioner will be able to pursue his "conditions of confinement" claims by some other more appropriate means – presumably a civil rights action.[2]

### B. Massachusetts Warrant

To the extent that petitioner is attempting to directly challenge the outstanding warrant from the State of Massachusetts, a writ of habeas corpus might be an appropriate

---

[2] Petitioner should bear in mind that he will not be able to pursue any "conditions of confinement" claims against any prison official in federal court, unless he first exhausts all available administrative remedies for each such claim. See 42 U.S.C. § 1997e(a).

remedy. However, petitioner has attempted to present his claims in a habeas corpus petition brought under 28 U.S.C. § 2254, and the remedy provided by that statute is not available for petitioner's current claims for relief. Section 2254 provides a remedy only for a person who is "in custody pursuant to the judgment of a State court." In this case, petitioner is not challenging a state criminal conviction or sentence, or any other final state court judgment. Instead, he is challenging only a warrant that presumably was issued by a state court judge. <u>Because petitioner is not challenging a final state court judgment, he is not eligible for habeas corpus relief under § 2254</u>. See <u>Dickerson v. State of Louisiana</u>, 816 F.2d 220, 224 (5th Cir.) (detainee's "petition under 28 U.S.C. § 2254 is improper because that section applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court'"), cert. denied, 484 U.S. 956 (1987); <u>Hirsch v. Smitley</u>, 66 F.Supp.2d 985, 986 (E.D.Wis. 1999) ("[s]ection 2254 applies only to collateral attacks on state court 'judgments' and therefore has no application in situations where the petitioner is awaiting trial on criminal charges").

Petitioner <u>might</u> be able to challenge the warrant at issue in a habeas corpus petition brought under 28 U.S.C. § 2241, (rather than § 2254). See <u>Dickerson</u>, 816 F.2d at 224 ("[p]re-trial petitions... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"); <u>Hirsch</u>, 66 F.Supp.2d at 986 ("[p]re-judgment habeas relief is available... under 28 U.S.C. § 2241"); <u>Carden v. State of Montana</u>, 626 F.2d 82, 83 (9th Cir.) ("district court had jurisdiction, under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus"), <u>cert</u>. <u>denied</u>, 449 U.S. 1014 (1980). Moreover, under different circumstances, the current petition could, perhaps, be construed to be a § 2241 petition, (even though it is clearly identified as a § 2254 petition). However, that

course of action would not be appropriate here.  The Court finds that the current petition should <u>not</u> be treated and entertained as a § 2241 petition, for two reasons.

First, the Court has already determined that the current petition presents several "conditions of confinement" claims that cannot properly be entertained in this action.  (<u>See</u> Discussion at pp. 2-3, <u>supra</u>).  In the current petition, petitioner's claims pertaining to the validity of the Massachusetts warrant are too closely intertwined with the conditions of confinement claims that cannot be entertained here.  It is not practicable to separate petitioner's conditions of confinement claims from his habeas claims, and dismiss the former while addressing the latter.  It is preferable to require petitioner to separate those two sets of claims himself.

Second, even if petitioner's true habeas claims could easily be separated from his conditions of confinement claims, his challenges to the Massachusetts warrant should not be entertained in the District of Minnesota.  If petitioner's current habeas corpus petition were construed to be a § 2241 petition, this Court could exercise jurisdiction over the petition, because petitioner and his immediate custodian, (the Warden at MCF-LL), are presently located in the District of Minnesota.  See <u>Weeks v. Wyrick</u>, 638 F.2d 690, 692 (8th Cir. 1981) ("a court has jurisdiction to entertain a petition for habeas corpus relief whenever it can serve process on the custodian"); <u>Koetting v. Thompson</u>, 995 F.2d 37, 39 (5th Cir. 1993) (federal prisoner confined in Texas and challenging a Missouri detainer could properly seek habeas relief in a Texas district court).  Indeed, as a general rule, a habeas corpus petition should be filed in the district court where the petitioner is confined, because in most cases a writ of habeas corpus is directed to the petitioner's immediate custodian, who is normally the warden at the prison where he is confined.  <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 494-95 (1973).

However, the district in which a habeas petitioner is currently confined is not always the only district in which habeas relief can be sought. If a prisoner is challenging some anticipated future confinement, which may occur in some district other than the one in which he is currently confined, then he should be able to seek habeas relief in the district in which such future confinement would occur. In Braden, for example, an Alabama prisoner was allowed to seek habeas relief in a Kentucky district court, because he was challenging a Kentucky detainer that had been filed against him. 410 U.S. at 498-99. See also Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004) ("a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody'"). Because Petitioner is presently challenging a warrant issued by Massachusetts authorities, which might result in some future confinement in Massachusetts, he could seek habeas corpus relief in the District of Massachusetts, (as well as the District of Minnesota). See Koetting, 995 F.2d at 39 (where habeas petitioner challenges a detainer issued by a state other than the one in which he is incarcerated, "concurrent jurisdiction" exists in the state that issued the detainer and the state where the petitioner is incarcerated).

When habeas jurisdiction could properly be exercised in either of two states, as appears to be the case here, it is necessary to consider which state is the most appropriate venue for the action. See Weeks, 638 F.2d at 693 ("[o]nce the custodian is properly served,... it is still proper to consider the most convenient forum for the litigation"). If a prisoner is challenging some anticipated future custody, which is being asserted by a state other than the state in which he is currently confined, then it normally is preferable for the case to be heard and decided in the state asserting the claim of future custody. Braden, 410 U.S. at 499, n. 15.

6

Applying traditional venue considerations here, the Court finds that if petitioner has any viable habeas corpus claims pertaining to the outstanding Massachusetts warrant, those claims should be litigated in Massachusetts, rather than Minnesota. Although petitioner happens to be physically present in Minnesota right now, his claims will most likely require the application and interpretation of Massachusetts law, which can best be done by a Massachusetts court. A Massachusetts court will also be in the best position to determine whether petitioner has properly exhausted whatever state court remedies might be available to him under Massachusetts law. Furthermore, the judicial and administrative records that are pertinent to petitioner's claims presumably are located in Massachusetts, and the parties who will have to respond to petitioner's claims are located in Massachusetts.

In short, the best venue for conducting a federal habeas corpus review of the Massachusetts warrant is the District of Massachusetts, not the District of Minnesota. Therefore, if the current petition were construed to be a § 2241 petition, and if petitioner's conditions of confinement claims could somehow be skimmed away from his true habeas claims, this Court would undoubtedly recommend that this matter be transferred to the District of Massachusetts. That being the case, it would not be most propitious to treat petitioner's current submission as a § 2241 petition. It would be preferable to require petitioner to seek federal habeas review in a new § 2241 petition filed in the District of Massachusetts.

### III.   CONCLUSION

For the reasons discussed above, the Court finds that petitioner's current § 2254 habeas corpus petition should be dismissed. However, the Court will recommend that this action be dismissed <u>without prejudice</u>, so that the dismissal of this action will not preclude

petitioner from pursuing his current claims for relief by more suitable means. If petitioner believes that some employees of the State of Minnesota are violating his constitutional right of access to the courts, or otherwise subjecting him to unconstitutional conditions of confinement, he can bring those claims in a separate civil rights action. If petitioner believes that he is entitled to a federal writ of habeas corpus that would vacate the outstanding warrant that has been issued against him in the State of Massachusetts, he can pursue such relief in a § 2241 habeas corpus action in the District of Massachusetts.[3] However, petitioner cannot pursue all of his present claims together in a § 2254 habeas corpus petition in this District.

Having determined that this action should be summarily dismissed, the Court will further recommend that petitioner's application to proceed in forma pauperis, ("IFP"), be

---

[3] Needless to say, the Court is not suggesting that petitioner has actually presented any actionable civil rights claims, or any actionable habeas corpus claims, in his current submissions. Indeed, based on this Court's review of petitioner's current submissions, it appears quite unlikely that he would ultimately prevail on any of those claims. He has not presented any compelling conditions of confinement claim in his current pleading, and he has not shown that he has exhausted all available Massachusetts state court remedies with regard to his challenge to the outstanding warrant, which he must do before seeking federal habeas review of the warrant. See Dickerson, 816 F.2d at 225 ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."); Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979) ("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed. It applies to pre-trial, as well as post-trial, habeas corpus petitions."), cert. denied, 446 U.S. 908 (1980); Hirsch, 66 F.Supp.2d at 986 ("'[w]hile not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial petitions'"), quoting Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (E.D.Wis. 1999). See also Davis v. Mueller, 643 F.2d 521, 525 (8th Cir.) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the "'notion of comity'" and "the proper respect for state functions"), cert. denied, 454 U.S. 892 (1981).

summarily denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger, 77 F.3d at 1074, n. 3 (IFP application should be denied where habeas petition cannot be entertained).

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.    Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2.    Petitioner's application for leave to proceed in forma pauperis, (Docket No. 4), be **DENIED**; and

3.    This action be **DISMISSED WITHOUT PREJUDICE**.


Dated:    May 19, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 3, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.